**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AUDREY C. THOMAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | _____ |
| | : | |
| GWINNETT COUNTY PUBLIC | : | |
| SCHOOLS, and in their individual | : | |
| and official capacities, | : | |
| DON MOORE, LINDA EVANS, | : | **Jury Trial Demanded** |
| and TIMOTHEA STRASSER | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>COMPLAINT</u>

Plaintiff Audrey C. Thomas files her Complaint against Gwinnett

County Public Schools and the following individuals in their official and

individual capacities: Don Moore, Linda Evans, and Timothea Strasser.

### **NATURE OF THE ACTION**

1.

This is an action for retaliation and interference of rights granted

under the Family and Medical Leave Act and for unpaid wages and

retaliation under the Fair Labor Standards Act ("FLSA").

## PARTIES

2.

Plaintiff Audrey C. Thomas is a permanent resident of the United States who resides in Gwinnett County in the State of Georgia.

3.

Defendant Gwinnett County Public Schools is a county public school district in the State of Georgia. Gwinnett County Public Schools is an employer subject to the FLSA and the family care provisions of the FMLA. It may be served with summons and complaint upon its CEO/Superintendent J. Alvin Wilbanks at 437 Old Peachtree Rd., NW, Suwannee, Georgia, 30024.

4.

Defendant Don Moore is a citizen and resident of Gwinnett County in the State of Georgia. In performing his job as an Assistant Director of Transportation for Gwinnett County Public Schools, Moore is an employer under the FMLA and FLSA. Moore can be served with Summons and Complaint at 437 Old Peachtree Rd., NW, Suwannee, Georgia, 30024.

5.

Defendant Linda Evans is a citizen and resident of Gwinnett County in the State of Georgia. In performing her job as Special Needs Transportation

Manager, Evans is an employer under the FMLA and FLSA. Evans can be served with Summons and Complaint at 437 Old Peachtree Rd., NW, Suwannee, Georgia, 30024.

6.

Defendant Timothea Strasser is a citizen and resident of Gwinnett County in the State of Georgia. In performing her job as Zone Transportation Supervisor, Strasser is an employer under the FMLA and FLSA. Strasser can be served with Summons and Complaint at 437 Old Peachtree Rd., NW, Suwannee, Georgia, 30024.

**JURISDICTION AND VENUE**

7.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216.

8.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) and 29 U.S.C. § 216. The unlawful acts against Plaintiff occurred in this judicial district and division. In addition,

Plaintiff and the individual defendants reside in this judicial district and

division. Defendant Gwinnett County Public Schools also operates in this

judicial district and division.

## FACTUAL ALLEGATIONS

### 9.

Plaintiff was hired as a driver in training for the Transportation

Department of Gwinnett County Public Schools on or about September 24,

2007.

### 10.

Sometime in October, 2007, Plaintiff decided that she would rather be a

special needs bus monitor and she was transferred to that position.

### 11.

On almost all weeks, Plaintiff worked over 40 hours.

### 12.

At the beginning of the 2009 school year, Plaintiff entered all time she

worked on her time sheet as had been the usual work practice.

13.

Strasser called Plaintiff and instructed her that she would need to reduce the time entered regardless of how many hours she actually worked.

14.

Strasser informed Plaintiff that this instruction came "from above" her level of supervision.

15.

Plaintiff protested the reduction of her hours, but complied with Strasser's instruction.

16.

In accord with Strasser's instruction, Plaintiff reduced her time by two and half hours every week.

17.

On August 28, 2009, Strasser boarded the bus Plaintiff was working on and instructed her to reduce her time worked from 44.27 hours to 41.20 hours.

18.

When Plaintiff protested, Strasser informed her that she may have to find another monitor for her bus if she did not comply with her instructions. In response to Strasser's implicit threat, Plaintiff changed her time.

19.

Plaintiff continued to reduce her reported hours per week by approximately two and half hours per week until October 24, 2009.

20.

After October 25, 2009, Plaintiff reduced her reported time per week by approximately 1.25 hours per week.

21.

On November 16, 2009, Plaintiff's team leader, Susan Sisson handed Plaintiff a time sheet in which she had reduced the time worked by an hour. Sisson explained that Gwinnett County Schools only paid two hours for meeting attendance. In response, Plaintiff explained that she and her driver had worked for one hour before the meeting. The driver's time was not reduced.

22.

On November 16, 2009, Plaintiff sent a written letter to Grant Reppert,

Director of Transportation for Gwinnett County Public Schools, opposing the

reduction of her hours worked during the previous months.

23.

Reppert never replied to Plaintiff's letter and no investigation was

conducted.

24.

On November 29, 2009, Plaintiff requested leave to attend the birth of

her grandson.

25.

The leave was granted, but her managers determined that the leave

would be unpaid.

26.

Plaintiff's absence was excused and she returned to work without

incident.

27.

In March 2010, Plaintiff's mother, who lives in Jamaica, suddenly lost

her vision. Plaintiff needed to travel to Jamaica on an emergency basis to

care for her mother until she could find and arrange someone to care for her on a more permanent basis.

28.

On March 24, 2010, Plaintiff informed Strasser verbally and in writing that she needed four days leave immediately preceding the forthcoming scheduled Spring Break. In other words, Plaintiff's normal Spring Break would have started on Friday, April 2, 2010 and she was to return to work on April 12, 2010. In order to attend to her Mother's serious health condition, Plaintiff requested additional leave from Monday, March 29, 2010 to Thursday, April 1, 2010.

29.

Plaintiff informed Strasser that the leave was for a family emergency and she wanted to use her sick leave time for such leave.

30.

Defendant Gwinnett County Public School's policies allowed the use of sick leave for the illness of a parent.

31.

Strasser informed Plaintiff she could take the leave, but that it would have to be unpaid.  After speaking with Evans,

32.

Strasser told Plaintiff that if she disagreed that the leave should be unpaid, then she should speak with Evans. When Plaintiff spoke with Evans about using her sick days for this family emergency, Evans also informed Plaintiff that the leave would have to be unpaid.

33.

Evans told Plaintiff that if she disagreed with the leave being unpaid, then she would need to talk with Don Moore.

34.

On March 26, 2010, Plaintiff called Moore to discuss the denial of the use of sick days for the leave. Moore informed her that she should be paid for all but one day of the requested leave.

35.

In addition, Plaintiff complained to Moore about not being paid for all time worked and Strasser's instructions to not report all time worked. Moore stated that they would have a meeting on that issue when Plaintiff returned from leave.

36.

No supervisor ever provided Plaintiff with any documentation asking her to provide further information or to confirm a serious medical condition of a covered family member under the FMLA.

37.

No supervisor ever informed Plaintiff that she could not take the leave requested or that it was not authorized before she took such leave.

38.

Plaintiff took the requested leave by taking off the four days just before the scheduled Spring Break.

39.

On March 29, 2010, Plaintiff traveled to Jamaica to care for and attend to her mother. While there, Plaintiff was able to find and arrange a more permanent caregiver for her mother.

40.

On the Sunday night before she was scheduled to return to work after Spring Break ended, Strasser called Plaintiff to inform her to report for a 9:00 a.m. meeting with Evans instead of her bus.

41.

Both Strasser and Evans attended the meeting on April 12, 2010.

42.

During the meeting, Evans informed Plaintiff that she was terminating her for not following instructions.

43.

When Plaintiff asked what instructions she was speaking of, Evans instructed Plaintiff to sign the termination letter and leave her office. Plaintiff refused to sign the letter because she was not provided an opportunity to speak or ask questions. Evans ordered Plaintiff to " get out" of her office.

44.

Instead, Plaintiff immediately complained to management and human resources, but most refused to talk to her.

45.

Plaintiff suffered emotional distress because Defendant terminated her.

## COUNT ONE
## INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FMLA

46.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

47.

In losing her vision, Plaintiff's mother was a covered family member with a serious medical condition under the FMLA.

48.

Plaintiff gave Defendants sufficient notice that she needed leave for an FMLA qualifying reason.

49.

Defendants did not meet their obligation to determine whether such leave was FMLA qualifying.

50.

Defendant's actions in terminating Plaintiff soon after she took leave that is protected under the FMLA to care for her mother interfered with, restrained, and denied Plaintiff's FMLA rights.

51.

All of the individual defendants may be sued in their official and/or individual capacities for violating the family care provisions of the FMLA. Plaintiff brings this count against them in both capacities.

52.

Defendant Gwinnett County Public Schools may be sued in federal courts for violating the family care provisions of the FMLA.

53.

As a result of Defendant's acts, Plaintiff is entitled to recover the relief requested below.

## COUNT TWO
## RETALIATION UNDER THE FMLA

53.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

54.

Defendant's actions in terminating Plaintiff were in retaliation for exercising her FMLA rights.

55.

All of the individual defendants may be sued in either their official or individual capacities for violating the family care provisions of the FMLA. Plaintiff brings this count against them in both capacities.

56.

As a result of Defendant's retaliatory acts, Plaintiff is entitled to recover the relief requested below.

## COUNT THREE
## FAILURE TO PAY WAGES UNDER THE FLSA.

57.

Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

58.

Plaintiff was an employee within the meaning of the FLSA.

59.

Defendants are employers within the meaning of the FLSA.

60.

Defendants violated the FLSA by failing to pay Plaintiff for all time worked.

61.

Defendants knew or should have known that such actions violate the FLSA, and they did not make a good faith effort to comply with the FLSA.

62.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiffs such wages.

63.

The individual defendants may be sued in their individual capacities under the FLSA. Plaintiff brings this count against them in that capacity.

64.

As a result of the individual Defendants' unlawful acts, Plaintiff is entitled to recover the relief requested below.


**COUNT FOUR**
**FAILURE TO PAY OVERTIME UNDER THE FLSA.**

65.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

66.

Defendants violated the FLSA by failing to pay Plaintiff overtime for all time worked in excess of forty hours per week.

67.

Defendants knew or should have known that such actions violate the FLSA, and they did not make a good faith effort to comply with the FLSA.

68.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff for such overtime.

69.

The individual defendants may be sued in their individual capacities under the FLSA. Plaintiff brings this count against them in that capacity.

70.

As a result of the individual Defendants' unlawful acts, Plaintiffs are entitled to recover the relief requested below.

## COUNT FIVE
## RETALIATION UNDER THE FLSA.

### 71.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

### 72.

Defendants retaliated against Plaintiff for complaining of FLSA violations by terminating her employment.

### 73.

The individual defendants may be sued in their individual capacities under the FLSA. Plaintiff brings this count against them in that capacity.

### 74.

As a result of the individual Defendant's retaliatory acts, Plaintiff is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a.   That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b.    That Plaintiff be awarded a declaratory judgment that Defendants

interfered with, restrained, or denied Plaintiff's FMLA rights and

retaliated against her for exercising such rights;

c.    That Plaintiff be awarded a declaratory judgment that Defendants

violated her rights under the FLSA in failing to pay her for all time

worked and for overtime to which she was entitled and in terminating

her in retaliation for complaining of such violations;

d.    That Plaintiff recover from Defendants back pay and benefits with

pre-judgment interest;

e.    That this Court order Defendants to reinstate Plaintiff or award

Plaintiff front pay and benefits in an amount sufficient to compensate

Plaintiff;

f.    That Plaintiff recover compensatory damages against Defendants in an

amount to be determined by a jury;

g.    That Plaintiff recover punitive damages against Defendants in an

amount to be determined by a jury;

h.    That Plaintiff recover liquidated damages under the FMLA and FLSA;

i.    That Plaintiff recover attorney's fees and costs of litigation under the

FMLA, FLSA, and other applicable federal law;

j.      That the Court award Plaintiff any other or further relief as it deems

necessary and proper, or equitable and just.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was

prepared in Century Schoolbook, 13 point font in compliance with Local Rule

5.1B.


Respectfully submitted,

This 2nd day of February, 2011.

T. ROBERT REID, LLC


s/ Tilden Robert Reid, II
T. Robert Reid
Ga. Bar No. 600138

1030 Woodstock Road
Suite 3112
Roswell, GA  30075
678-743-1064
404-549-4136
rob@robreidattorney.com

Attorney for Plaintiff